■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI VALENTINE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v H. RAP BROWN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR YOUNG, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL PETTY, Appellant.—Judgments, Supreme Court, New York County, entered on May 9, 1973 and May 30, 1973, convicting each of the defendants, after trial before Fraiman, J., and a jury, of six counts of robbery in the first degree and one count of assault in the first degree and convicting defendants, Brown and Young, of two counts of felonious possession of a weapon, unanimously affirmed. It appears that the witness, Jenkins, did not tell the truth when he testified that, in the course of the robbery, a watch, which was later found in the possession of the defendant Petty, was taken from Jenkins' wrist. Following the trial, evidence was allegedly uncovered which tended to establish that the watch was actually purchased by defendant Petty. If the evidence against Petty and his co-defendants was based only on Jenkins' testimony, a new trial might well have to be ordered. But, this is not the case. There is far more evidence than that found in the testimony of Jenkins. Truly the evidence as to the guilt of these defendants is overwhelming. We note, too, the contention of the defendants that it was error for the trial court to refuse to allow Dr. Buckhout to testify as "an expert on the question or subject of social and perceptual factors which affect eye witness unreliability or reliability". Dr. Buckhout was produced for the purpose of offering his expert testimony concerning the factors which, in his opinion, adversely affect the reliability of eyewitness identifications. The trial court correctly ruled that such testimony would infringe upon a properly instructed jury's power to determine the reliability of the People's evidence. We are of the view that the jury was properly instructed on the subject. Expert opinions were not

necessary to enable the jury to comprehend the potential for unreliability. Had the court permitted this witness to apply his experience to the particulars of this case it would have constituted a trespass on the jury's domain. *(Kulak v Nationwide Ins. Co.,* 40 NY2d 140.) Such testimony was inadmissible. We note, too, the further contention of the defendants that they should have been informed by the prosecutor that two of the officers, who participated in the arrest and development of the evidence in this case, were themselves the subjects of departmental investigations concerning unrelated bribery charges. We agree that the prosecutor should have communicated this information to the defendants. However, again under the circumstances disclosed in this record, such failure does not warrant interference with the jury's verdict. *(People v Crimmins,* 36 NY2d 230.) An examination of this record shows that the guilt of these defendants was clearly demonstrated beyond a reasonable doubt by an abundance of evidence, direct and circumstantial. The orders of the Supreme Court (Fraiman, J.), entered July 10, 1975, are unanimously affirmed. We have considered the remaining contentions of the defendants and find them to be without merit. Concur—Markewich, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.