■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DORSEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered April 20, 1983, convicting him of rape in the first degree (two counts), robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, the defense counsel sought to elicit of his expert witness, who had been qualified in the field of forensic serology, that the absence of sperm on the defendant's undershorts indicated that he had not engaged in sex with the complainant, whom he was accused of raping. The court, however, limited counsel's inquiries in this respect, determining that the question was one for the jury to resolve based upon its experience and common sense. We agree. The admissibility and bounds of expert testimony are questions primarily addressed to the sound discretion of the court (*People v Cronin*, 60 NY2d 430; *Selkowitz v County of Nassau*, 45 NY2d 97). Moreover, it is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness (*People v Cronin, supra*). At bar, the court properly concluded that the defense counsel's inquiry of the expert involved a factual issue in the case to be resolved by the jury for which no special scientific testimony was necessary.

The defendant's remaining contention that he was deprived of a fair trial due to the trial court's alleged improper questioning of the witnesses has not been preserved for appellate review (*see, People v Charleston*, 56 NY2d 886). In any event,

the record reveals that the trial court's questions were proper and fair (cf. People v Yut Wai Tom, 53 NY2d 44; People v Jamison, 47 NY2d 882). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.