■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered February 15, 1985, convicting him of assault in the first degree and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As a general rule the admissibility of expert testimony is addressed to the sound discretion of the trial court (People v Cronin, 60 NY2d 430; People v Dorsey, 125 AD2d 586). "It is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based

on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness" *(People v Cronin, supra,* at 433). Under the circumstances of this case, it cannot be said that the trial court abused its discretion when it refused to permit the defendant to offer the testimony of Dr. Robert Buckhout, an expert in the field of eyewitness identification *(see, People v Suleski,* 58 AD2d 1023; *People v Valentine,* 53 AD2d 832).

Furthermore, the trial court did not err in denying the defendant's motion to set aside the verdict on the ground that the jury tampered with an exhibit during their deliberations. The defendant failed to establish a likelihood of prejudice resulting from the jury's awareness that underneath his picture contained in a photo array shown to the complainant was the picture of the man the complainant previously pointed out to the police because he looked similar to the perpetrator *(see, People v Brown,* 48 NY2d 388). The prejudice alleged by the defendant on appeal is the result of sheer speculation and is not based upon the facts contained in the record *(see, People v Bouton,* 50 NY2d 130; *People v Hooker,* 118 Misc 2d 760).

Finally, a reading of the trial court's supplemental charge in its entirety reveals that the charge was balanced and was not coercive *(see, People v Pagan,* 45 NY2d 725). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.