■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. SLACK, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Nassau County (Santagata, J.) rendered September 28, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, entered February 1, 1983, which denied his motion to vacate the sentence pursuant to CPL 440.20.

Justice Brown has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment and order are affirmed.

We reject the defendant's contention that the trial court abused its discretion when it precluded his expert from testifying on the issue of eyewitness identification (see, People v Mitchell, 129 AD2d 589). The subject matter of the proffered testimony is not a proper subject for expert testimony inasmuch as it pertains to matters of common knowledge not beyond the ken of lay jurors (see, People v Suleski, 58 AD2d 1023; People v Valentine, 53 AD2d 832). Any asserted deficiencies with respect to the accuracy of an identification can be conveyed to the jury through cross-examination, argument of counsel during summation, and the court's instructions to the jury (see, People v Brown, 124 Misc 2d 938; United States v Amaral, 488 F2d 1148).

By not taking exception to the court's curative instructions regarding his prearrest silence, the defendant failed to preserve his objection to the prosecutor's questions on this matter (see, People v Miller, 41 NY2d 857; People v Baldo, 107 AD2d 751). In any event, any error was harmless in view of the overwhelming evidence of guilt and the court's instruction to the jury that "[n]o unfavorable inferences may be drawn against the defendant by reason of his silence or his failure to respond to the police officer" (see, People v Santiago, 119 AD2d 775, lv denied 68 NY2d 672; People v Terry, 109 AD2d 807).

Finally, the defendant's claim (raised on his CPL art 440 motion) that he was improperly adjudicated a second felony offender is without merit (see, People v Loughlin, 66 NY2d 633, rearg denied 66 NY2d 916; People v Ames, 115 AD2d 543, lv denied 67 NY2d 759; CPL 400.21 [8]), and we decline to

exercise our discretion to modify the sentence. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.