■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY FOULKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered October 9, 1986, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was identified from two separate lineup viewings by two witnesses, one of whom had been present during the robbery which resulted in the death of one of the victims. The other witness had had an extended opportunity to view the defendant immediately before and after the robbery. As evinced by defense counsel's opening and closing statements in which he questioned the reliability of the lineup identifications, his cross-examination and his sidebar colloquies in which he implied that the lineups were suggestive, the defendant's trial strategy was to attack the reliability of the witnesses' testimony concerning their pretrial lineup identifications.

During the People's case, the investigating officer who took part in the lineup procedure was permitted to testify that the defendant chose the number he would hold and the seat he would occupy at the first lineup, that he repositioned himself and the lineup participants prior to the second viewing and that his attorney had been present. The defendant contends that this testimony constituted improper bolstering and had the effect of shifting the burden of proof to him by impermissibly conveying to the jury that he was the target of the lineup.

Significantly, the defendant's counsel was present during the lineup and failed to take advantage of the opportunity to object to its composition (see, People v Lopez, 123 AD2d 360, lv denied 68 NY2d 915). Under the circumstances of this case,

testimony that the defendant had been afforded the opportunity to exercise the type of control exercised here and that his attorney was present without lodging any objection to the procedure employed was properly admitted in response to the defendant's claim that the composition of the lineup was unfair and did not constitute improper bolstering *(see, People v Jenkins,* 133 AD2d 279, *lv denied* 70 NY2d 875).

The contention raised in the defendant's supplemental brief is similarly without merit. The proffered testimony is not a proper subject for expert testimony, since it pertains to matters of common knowledge not beyond the ken of lay jurors *(see, People v Slack,* 131 AD2d 610). Any possible deficiencies regarding the accuracy of the respective identifications were conveyed to the jury through cross-examination, argument of counsel during summation, and the court's elaborate instructions to the jury *(People v Slack, supra).* Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.