◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYATT GRIMSLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 11, 1987, convicting him of robbery in the second degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, criminal possession of stolen property in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police.

Ordered that the judgment is affirmed.

We find no merit to the defendant's challenge to the hear-

ing court's determination that his arrest was predicated on probable cause. The testimony at the suppression hearing established that within two minutes of receiving a radio call reporting a "purse snatch[ing]," which had occurred less than one half of a mile away, and a description of the perpetrator, the police officers observed a man who fit the description running alongside the Belt Parkway, an unusual place to find pedestrians. The officers were therefore justified in entertaining, at the very least, a reasonable suspicion of criminal activity *(see, People v Allen,* 141 AD2d 405, *affd* 73 NY2d 378; *People v Cordero,* 140 AD2d 367). This reasonable suspicion ripened into probable cause to arrest when, as the officers exited the marked patrol car, the man suddenly accelerated and dashed across the highway, refusing to comply with the officers' command that he stop, and continued to run onto private property *(see, People v Amarillo,* 141 AD2d 551; *People v Fulmore,* 133 AD2d 169). Under the circumstances, the hearing court properly found that the defendant was lawfully arrested, thereby warranting denial of those branches of the defendant's omnibus motion which were to suppress his spontaneous statement and the physical evidence seized from him after his arrest.

Contrary to the defendant's further contention, we find that the complainant's testimony, that as a result of a struggle with the defendant over her pocketbook, she sustained a painful injury to her shoulder for which she sought treatment at a hospital and which caused her to endure "shooting pains" radiating to her neck for nearly a week thereafter, constituted legally sufficient evidence that the complainant suffered "physical injury" within the meaning of Penal Law § 10.00 (9) *(see, People v Bogan,* 70 NY2d 860; *People v Rogers,* 138 AD2d 419; *People v Ruttenbur,* 112 AD2d 13). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.