■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY GIBBS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 25, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in precluding expert testimony on the issue of the reliability of the eyewitness identification. As a general rule the admissibility of expert testimony is addressed to the sound discretion of the trial court *(People v Brown,* 136 AD2d 1, 15-16, *cert denied* 488 US 897; *People v Mitchell,* 129 AD2d 589). This court has consistently approved the preclusion of expert testimony on the reliability of eyewitness identification since it pertains to matters of common knowledge and is not a subject beyond the ken of lay jurors *(see, People v Foulks,* 143 AD2d 1038; *People v Brown, supra; People v Slack,* 131 AD2d 610). The deficiencies alleged by the defendant with respect to the accuracy of this eyewitness identification were conveyed to the jury through defense counsel's effective cross-examination, counsel's argument on summation and the court's instructions to the jury *(see, People v Slack, supra).*

We further find that the trial court properly denied suppression of the incriminating statement made by the defendant in his initial encounter with a jailhouse informant. The fact that the informant had previously informed on other inmates does not require a finding that an agency relationship existed between government and informant in this subsequent, unrelated instance *(see, People v Cardona,* 41 NY2d 333; *see also, People v Blake,* 127 AD2d 602).

Moreover, the defendant's admission of guilt constituted

direct evidence of his culpability. It is well settled that a circumstantial evidence charge need not be given where there is both direct and circumstantial evidence establishing the defendant's guilt and thus the court did not err in its denial of the defendant's request to so charge (see, People v Sanchez, 61 NY2d 1022; People v Bolino, 146 AD2d 790).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. While there were some inconsistencies in the evidence of the eyewitness it is obvious that the jury believed that he had accurately identified the defendant as the person he saw disposing of the body in the early afternoon under good weather conditions (see, People v Batts, 111 AD2d 761). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 86). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions, and to the extent that they are preserved for appellate review, they do not reveal the existence of reversible error (see, People v Crimmins, 36 NY2d 230). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.