■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDERICK MADDOX, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly decided the suppression motion. The court did not err in denying defendant's application for permission to hire an expert to give testimony concerning the reliability of eyewitness identification *(see, People v Barnwell,* 155 AD2d 886; *People v Valentine,* 53 AD2d 832).* The record indicates that the court did not abuse its discretion in denying defense counsel's request for an adjournment of the trial. Also, it was proper for the court to give an

adverse inference charge concerning defendant's persistent refusal to comply with the court order directing him to give a sample of his blood. Where, as here, defendant comes forward with evidence, his failure to produce available evidence within his control creates an adverse inference *(People v Paylor,* 70 NY2d 146, 149; *People v Wilson,* 64 NY2d 634, 635-636; *People v Rodriguez,* 38 NY2d 95, 101). The adverse inference charge given by the court did not violate the constitutional protection against self-incrimination because the privilege protects an accused only from being compelled to testify against himself or to provide the State with evidence of a testimonial nature. The withdrawal of blood does not involve such compulsion *(see, Schmerber v California,* 384 US 757, 761; *People v Craft,* 28 NY2d 274, 276-277). We reject defendant's contention that there was insufficient evidence to support the conviction for robbery at the Mobil gas station. We find no merit to the remaining issues raised by defendant. (Appeal from judgment of Onondaga County Court, Mulroy, J.—robbery, first degree.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.