■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS WRIGHT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered July 9, 1986, convicting him of robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying his application to retain the services of an expert in the field of eyewitness identification at public expense *(see,* County Law § 722-c; *People v Gibbs,* 157 AD2d 799; *People v Brown,* 136 AD2d 1, 15-16, *cert denied* 488 US 897; *People v Mitchell,* 129 AD2d 589). In this regard, we note that the reliability of eyewitness identification is not a proper subject for expert testimony, as it pertains to matters of common knowledge which are not beyond the ken of lay jurors *(see, People v Gibbs, supra; People v Foulks,* 143 AD2d 1038; *People v Slack,*

131 AD2d 610). Further, the deficiencies alleged by the defendant with respect to the accuracy of the identifications made by the complainants were conveyed to the jury through cross-examination, counsel's argument on summation, and the court's instructions to the jury (see, People v Gibbs, supra; People v Foulks, supra; People v Slack, supra).

The defendant further contends that the prosecution failed to adduce legally sufficient evidence that the complainants suffered "physical injury" as defined in Penal Law § 10.00 (9) in order to sustain his conviction of two counts of robbery in the second degree. However, as the defendant did not raise a specific objection on this ground in his motion for a trial order of dismissal the issue is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858; People v Lyons, 154 AD2d 715; People v Udzinski, 146 AD2d 245). In any event, the record supports the jury's finding that the complainants suffered the requisite physical injury (see, People v Nix, 156 AD2d 722; People v Grimsley, 156 AD2d 714; People v Lundquist, 151 AD2d 505).

We have examined the defendant's remaining contentions, and find that they are unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.