■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY N. KNIGHTON, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Coutant, J.), rendered April 5, 1988 in Broome County, upon a verdict convicting defendant of the crime of robbery in the first degree.

In February 1987, an armed robbery occurred at the Food King Supermarket in the City of Binghamton, Broome County. Immediately following the robbery, three store employees who witnessed the robbery gave descriptions of the perpetrator to the police. Subsequently, the same three witnesses identified defendant in a photographic array and a lineup as the perpetrator of the crime.

Following his indictment for robbery in the first degree, defendant moved to suppress, *inter alia,* the witnesses' identification testimony. Defendant also requested that he be permitted to call a psychologist as an expert witness at trial to testify regarding the general unreliability of crime eyewitness identifications. After a hearing, Supreme Court found that although the photo array was proper, the lineup composition was impermissibly suggestive and therefore suppressed the identification testimony with respect thereto. However, Supreme Court determined that each of the three witnesses had an independent basis to support their proffered in-court identifications of defendant and thus denied defendant's motion to suppress the witnesses' in-court identification testimony. Supreme Court also ruled that the expert testimony of defendant's psychologist was inadmissible at trial. Thereafter, the matter proceeded to trial where defendant was convicted as charged and sentenced as a second felony offender to an indeterminate term of imprisonment of 8 to 16 years. This appeal ensued.

The first ground for reversal asserted by defendant is that Supreme Court improperly denied his motion to suppress the in-court identification testimony of the three witnesses. Defendant claims that there was insufficient evidence presented at the hearing to support Supreme Court's determination that the three witnesses had an independent basis to support their in-court identification. This argument is unavailing. All three of the witnesses testified regarding the specific circumstances surrounding their viewing of defendant during the commission of the robbery. Each witness, who later identified defendant from a photographic array, observed defendant first in the lobby of the store and then briefly, but at close range, as he entered the front door of the store and proceeded through the well-lit area in the front of the store toward the store safe. From the foregoing, the People established by clear and convincing evidence that the witnesses' in-court identifications had an independent source based upon their opportunity to view defendant during the commission of the crime *(see, People v Ballott,* 20 NY2d 600, 606; *People v Johnson,* 141 AD2d 848).

The only other significant point raised by defendant concerns Supreme Court's refusal to allow him to call the psychologist as an expert witness at trial. Defendant contends that the psychologist's testimony, which would have addressed the various factors relevant to the reliability of eyewitness identification, as well as the popular lay misconceptions re-

garding certain aspects of the identification process, would have assisted the jury in clarifying the identification issues. Supreme Court's bench ruling on this defense request clearly reveals that it denied the request in the exercise of its discretion, concluding that the factors generally bearing on the reliability of such identifications could readily be explored before the jury in direct and cross-examination, that in some respects the expert's testimony could be misleading and that the scrutiny required of eyewitness identifications could be sufficiently stressed in the charge to the jury. The admissibility and scope of expert testimony is largely within the discretion of the trial court (see, People v Cronin, 60 NY2d 430, 433; People v Mitchell, 129 AD2d 589, lv denied 70 NY2d 715) and we find no basis for disturbing Supreme Court's exercise of discretion here. Moreover, we agree with the Second Department's view that, in general, expert testimony of this type is within the common knowledge and not beyond the ken of lay jurors and would tend to obfuscate rather than elucidate the issues and, therefore, is not a proper subject for expert testimony (see, People v Foulks, 143 AD2d 1038, 1039, lv denied 73 NY2d 855; People v Slack, 131 AD2d 610).

We have examined defendant's remaining points, including his claim that the sentence was excessive, and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.