■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCHELL BLOW, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), rendered June 13,

1989, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent indeterminate terms of imprisonment of from 2 to 6 years on the assault and second degree weapon possession counts and 1 to 3 years on the remaining weapon count, unanimously affirmed.

Complainant was shot by defendant following an altercation on the stoop of their building in which defendant argued that members of complainant's family were blocking his ingress and egress. Defendant in a written statement admitted the shooting but did not refer to the fact that he had been drinking on the night of the incident.

Defendant contends that the prosecutor improperly suggested in summation that his defense of intoxication had been concocted by defendant and his lawyer and that the prosecutor further deliberately misstated the evidence of intoxication to bolster the claim of fabrication. However, only one of the comments was objected to by means of an unelaborated general objection which was insufficient to alert the court to the claim of prosecutorial misconduct; thus these arguments were not preserved for appellate review (CPL 470.05 [2]; *People v Berrios,* 71 NY2d 905) and we decline to reach it. Were we to reach it, a review of the record shows that the summation was a fair response to arguments raised in the defense summation. A prosecutor is permitted wide latitude in commenting upon the evidence presented and the inferences that can be drawn therefrom. *(People v Galloway,* 54 NY2d 396.)

Defendant also contends that his sentence was excessive. However, the sentence imposed was less than the maximum permitted, and the court properly considered defendant's age and background as well as the seriousness of the injuries caused to complainant, and we do not find the sentence excessive. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.