■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MILLER, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following Memorandum: In a 31-count indictment, defendant was charged with various offenses arising from 11 separate residential burglaries. A count charging robbery in the second degree was dismissed at the close of the People's case, but otherwise defendant was convicted as charged. He was sentenced as a second felony offender to concurrent and consecutive sentences totaling a minimum of 79½ years to a maximum of 159 years.

Several of the issues raised by defendant on appeal are without merit. The warrantless searches of the apartment where defendant resided with his sister, Sandra Morales, were proper. Morales had sufficient authority to authorize a search of the entire apartment and she voluntarily consented to two such searches. There is no evidence that defendant expressly refused to consent to a search; thus his reliance upon People v Mortimer (46 AD2d 275) is misplaced.

The People did not fail to disclose exculpatory material in violation of Brady v Maryland (373 US 83). While any agree-

ment between the prosecution and a witness to induce the witness to testify must be disclosed *(People v Novoa,* 70 NY2d 490; *People v Cwikla,* 46 NY2d 434; *People v Savvides,* 1 NY2d 554), there was no such agreement here. Following a posttrial hearing, the court correctly found that the jailhouse informant who testified for the People was not offered any benefit in exchange for his testimony. Thus, there was no *Brady* violation.

We have reviewed the totality of the representation of defendant by his counsel and conclude that defendant was afforded meaningful representation *(see, People v Satterfield,* 66 NY2d 796).

Defendant correctly contends, however, that the evidence was legally insufficient to support the burglary convictions under counts 3, 5 and 21, and the criminal possession of stolen property convictions under counts 4, 11 and 22. No evidence was offered to connect defendant to the commission of the burglaries charged in counts 3 and 21. There was no proof linking defendant to the break-in at either residence, and while there was testimony regarding specific property recovered by the police following the burglaries, no proof was offered of defendant's possession of that property. Accordingly, the burglary convictions (counts 3 and 21) and the criminal possession of stolen property convictions which arise thereunder (counts 4 and 22) must be reversed, those counts of the indictment dismissed and the sentences imposed thereon vacated. Moreover, since defendant is linked to the burglary charged in count 5 solely through proof of guilt on counts 3 and 4, count 5 must also be dismissed as legally unsupported and the sentence imposed thereon must be vacated.

Count 11 charged criminal possession of stolen property in the fourth degree which requires that the value of such property be in excess of $1,000 (Penal Law § 165.45). The People failed, however, to introduce proof of the value of the stolen property on that count. We must, therefore, reduce the conviction to the lesser included offense of criminal possession of stolen property in the fifth degree, under which proof of value is not required. In lieu of remitting the case for sentencing on the A misdemeanor, we note that any sentence would run concurrently with that imposed for several class B felony offenses and we thus sentence defendant to a definite one-year term of imprisonment.

The evidence was legally sufficient to support convictions on the other counts challenged by defendant and we also con-

clude that the verdict was not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490).

The issues raised with respect to the court's instructions on circumstantial evidence and on the permissive inference that recent exclusive possession of fruits of a crime, if unexplained or falsely explained, is sufficient to establish guilt, were not properly preserved for appellate review *(see,* CPL 470.05 [2]). In any event, in both instances, the court's instructions were proper in all respects. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Rape, 1st Degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.