THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEBAN TORRES, Appellant.

The defendant was involved in an operation that sold crack-cocaine from an apartment located at 349 Linden Street in Brooklyn. The victim, whom the defendant was hired to kill by the "boss of the crackhouse", was interfering with the drug operation by, inter alia, "hassling" the operation's customers. On the evening of April 30, 1987, the defendant took his victim to the second floor of the crackhouse and shot him twice. Two witnesses testified at trial that they saw the defendant lead the victim into the crackhouse just before they heard gunshots. Additionally, one of these witnesses testified that the defendant admitted to him that he fired the fatal shots.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Any minor inconsistencies in the testimony of the People's witnesses did not render their testimony incredible as a matter of law (see, People v Colon, 161 AD2d 782; People v Gibbs, 157 AD2d 799).

We find the defendant's claim that his arrest photograph was improperly admitted into evidence to be without merit. The photograph was properly admitted since it established that the defendant had shaved his face and head at some point after the incident. This information tended to show that

the defendant was attempting to change his appearance in order to avoid apprehension which is relevant on the material issue of the defendant's consciousness of guilt *(see, People v Kornegay,* 164 AD2d 868; *People v Mercado,* 156 AD2d 720).

The defendant claims that he was entitled to an adverse inference charge due to the prosecution's inability to produce certain audiotapes. We disagree. The court denied the defendant's request for the charge after making a specific finding that no prejudice attended the failure to provide the tapes because transcripts had been made and given to the defense. Where the People fail to exercise due care in preserving *Rosario* material and the defendant is *prejudiced* thereby, the trial court must impose an appropriate sanction *(People v Wallace,* 76 NY2d 953; *People v Martinez,* 71 NY2d 937). Here, the defendant did not claim that he had been prejudiced by the loss of the tapes or challenge the court's finding that the transcripts were adequate to eliminate any possible prejudice. Accordingly, we conclude that the trial court properly refused to give an adverse inference charge as a sanction for the inadvertent loss of the tapes.

The defendant's remaining contentions, including his claim that the court's charge was erroneous in several respects, are without merit *(see, People v Ruiz,* 52 NY2d 929; *People v Torres,* 160 AD2d 746; *People v Gibbs,* 157 AD2d 799, *supra).* Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.