(June 9, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MCCRAY, Also Known as LOUIS MCCRAY, Appellant.—Judgment of the Supreme Court, Bronx County (Edward Davidowitz, J., at hearing; George Covington, J., at trial), rendered on February 17, 1988, convicting defendant, following a jury trial, of rape in the first degree, sodomy in the first degree, two counts of sexual abuse in the first degree and assault in the second degree and sentencing him, as a persistent felony offender, to one indeterminate term of imprisonment of from twenty years to life concurrent with four indeterminate terms of fifteen years to life, is unanimously affirmed.

The complainant testified that defendant forced her to orally sodomize him and then raped her in a schoolyard on March 6, 1986. Eight days later, she stated, he assaulted her in the lobby of her building. According to the complainant, who identified defendant as the perpetrator both at a lineup and at trial, she had seen him in the neighborhood on a number of occasions and prior to the first attack. Defendant contends that the Trial Judge improperly prevented him from attempting to prove his innocence by not allowing him to present evidence showing that he had been incarcerated during three of the months that the complainant stated that she noticed him in the neighborhood and then exacerbated this error in marshalling the evidence in his charge to the jury. However, while it might have been preferable for the court to have admitted this evidence, in view of the overwhelming proof of defendant's guilt, the error, if any, was harmless (see, People v Romero, 78 NY2d 355; People v Crimmins, 36 NY2d 230). The court, moreover, did not inappropriately decline to compel the People to stipulate that the complainant could not have seen defendant when she claimed to have done so since he was then in prison. As the Judge aptly observed, it could not force the prosecutor into a stipulation. In any event, the reliability of the complainant's identification is distinguishable from her credibility in general (see, People v Collins, 60 NY2d 214).

The court also did not commit error in not permitting defendant to call an expert witness for the purpose of explaining the purported psychological factors affecting identification testimony (People v Mooney, 76 NY2d 827; People v Valentine, 53 AD2d 832). Finally, defendant's argument that the District Attorney impermissibly bolstered his case is unpreserved and

without merit *(People v West,* 56 NY2d 662), and we do not discern any deficiency in the evidence supporting his conviction for second degree assault. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.