■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN KELLEY, Also Known as BEN KELLY, Appellant. [631 NYS2d 926] —Appeal by the defendant from a judgment of the County Court, Nassau County (Seybert, J.), rendered June 8, 1993, convicting him of burglary in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Based upon the police officers' hearing testimony, the hearing court properly held that the officers had a good faith basis for concluding that the defendant's mother, who owned the house they lived in, had the authority to consent to a search of the defendant's bedroom (see, People v Velazquez, 140 AD2d 179, affd 73 NY2d 815). It is notable that the mother led the officers into the room after signing the consent to search form and assisted them by turning on an additional light (cf., People v Russo, 201 AD2d 940). Although the defendant himself may not have expressly authorized the search, he had informed the detectives that the stolen property could be found in his room, and voiced no objection to their retrieving the property (see, People v Miller, 174 AD2d 989; cf., People v Mortimer, 46 AD2d 275).

The nine-month period between the complainant's viewing of the admittedly suggestive photographic array and her identification of the defendant in a lineup was sufficient, under the circumstances of this case, to attenuate any untoward effects of the earlier identification procedure *(see, People v Allah,* 158 AD2d 605; *People v Wedgeworth,* 156 AD2d 529; *People v Smith,* 140 AD2d 647; *People v Watts,* 130 AD2d 695).

Finally, the trial court properly precluded testimony by the defendant's psychological expert concerning the reliability of eyewitness identifications. As we have previously held, this is not a proper subject for expert testimony, as it pertains to matters of common knowledge which are not beyond the ken of lay jurors *(see, People v Wright,* 161 AD2d 743; *People v Gibbs,* 157 AD2d 799; *People v Foulks,* 143 AD2d 1038; *People v Slack,* 131 AD2d 610; *see also, People v Knighton,* 165 AD2d 904). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.