■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN D. DAVIS, Appellant. [637 NYS2d 977] —Appeal by the defendant from a judgment of the County Court, Nassau County

(Jonas, J.), rendered April 11, 1994, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his initial inculpatory statement to the detectives should have been suppressed as the result of a custodial interrogation which was conducted without the benefit of *Miranda* warnings. The test to determine whether an individual is in custody so as to trigger the requirement that *Miranda* warnings be provided is whether a reasonable person, innocent of any crime, would have thought he or she was in custody under the circumstances *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Nolcox,* 190 AD2d 824; *People v Smedman,* 184 AD2d 600, 604). The evidence adduced at the suppression hearing indicated that when the detective first spoke to the defendant at his home, the detective merely informed the defendant that he was investigating a shooting. Before any further conversation was had, the defendant admitted to being the shooter. This statement was spontaneous and not the product of police interrogation *(see, People v Gonzalez,* 75 NY2d 938, *cert denied* 498 US 833; *People v Maerling,* 46 NY2d 289, 302-303; *People v Simmons,* 210 AD2d 441). Under these circumstances, a reasonable person would not believe that he or she was in custody at the time the defendant uttered the inculpatory statement.

We agree, however, with the defendant's contention that his subsequent statements should have been suppressed because they were the product of custodial interrogation. Once the defendant admitted to being the shooter, it is inconceivable that he harbored any reasonable expectation that he had the right to leave. Consequently, he was in custody at that time *(cf., People v Smith,* 214 AD2d 845). Therefore, the detective should have given the defendant his *Miranda* rights before questioning him further *(see, Miranda v Arizona,* 384 US 436, 444, 467-468). Consequently, the defendant's subsequent statements should have been suppressed. The error, however, in admitting these statements at trial was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241-242).

Contrary to the defendant's contention, the suppression court properly denied suppression of the evidence seized at his house.

The testimony adduced at the suppression hearing indicated that the defendant's mother, with whom the defendant lived, voluntarily consented to the warrantless search of the premises by the detectives *(see, People v Kelley,* 220 AD2d 456; *People v Miller,* 174 AD2d 989; *see also, People v Gonzalez,* 39 NY2d 122, 128-130). Moreover, the defendant himself informed the detectives where the evidence in question was located and he voiced no objection to their retrieving the evidence from the house *(see, People v Kelley, supra; People v Miller, supra).*

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review *(see, People v Tevaha,* 84 NY2d 879, 881). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.