■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. FISH, Appellant. [652 NYS2d 124] —Carpinello, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered April 11, 1995, upon a verdict convicting defendant of the crimes of kidnapping in the first degree, robbery in the first degree, sodomy in the first degree (four counts) and rape in the first degree (three counts).

Defendant was convicted of one count of kidnapping in the

first degree, one count of robbery in the first degree, four counts of sodomy in the first degree and three counts of rape in the first degree. Upon his conviction, he was sentenced to prison terms of 20 years to life on the kidnapping charge and 5 to 10 years on each of the other charges. The sentences were to be served consecutively with the exception of counts 6 and 7 (sodomy in the first degree and rape in the first degree, respectively), which were to be served concurrently with each other and consecutively with all others, and counts 9 and 10 (sodomy in the first degree and rape in the first degree, respectively), which were to be served concurrently with each other and consecutively with all others.

The charges arise out of several incidents that occurred on September 17, 1994 and September 18, 1994 in and around the community of Jacksonville, Tompkins County, where the victim in this case resided. The victim and defendant were acquainted, as defendant had previously been married to the victim's close friend. Approximately one month before the alleged incidents, defendant had mowed the victim's lawn at his ex-wife's request.

According to the victim's trial testimony, defendant appeared at her home on the evening of September 17, 1994 and asked to use her phone, claiming that his car had broken down. After being admitted, defendant produced a knife, took the victim's car keys and money from her purse and ordered her upstairs, where he raped and sodomized her. The following day, he drove the victim in her own car to an area with which she was not familiar, periodically stopping the car to rape and sodomize her. At one point, defendant dragged the victim into the woods and choked her into unconsciousness. On the way back to the car, she lost her shoes and glasses. Later that morning, he again dragged her into the woods, this time tying her to a fallen tree with twine and duct tape. He also wrapped the duct tape around her head and mouth. Defendant returned only twice during the day. As it was growing dark, the victim, who suffers from a serious heart condition, eventually freed herself and walked barefoot to a nearby house. The police were called and defendant was apprehended at his house, in front of which the victim's car was parked. Defendant appeals from the judgment of conviction.

We reject defendant's argument that County Court should have permitted defendant's purported "alcoholism expert" to testify at trial. It is well established that the admissibility and scope of expert testimony is committed to the sound discretion of the trial court (*see, People v Mooney*, 76 NY2d 827, 828;

*People v Cronin*, 60 NY2d 430, 433). The trial court's decision will not be disturbed absent a showing of serious mistake, error of law or abuse of discretion (*see, Werner v Sun Oil Co.*, 65 NY2d 839, 840; *People v Page*, 225 AD2d 831, 833-834, *lv denied* 88 NY2d 883). There has been no such showing here. The effect of alcohol on an individual's mental state has been recognized as being within the ordinary ken of the average juror (*see, People v Kehn*, 109 AD2d 912, 914).

The victim's psychiatric records were properly excluded. We have conducted our own in camera review of these records and find that there is no evidence that the victim has a history of hallucinations, sexual fantasies or false reports of sexual attacks (*see, People v Smith*, 192 AD2d 806, 808, *lv denied* 81 NY2d 1080; *People v Graham*, 117 AD2d 832, 834, *lv denied* 68 NY2d 770). Similarly, County Court did not err in questioning the victim's psychiatrist outside of defendant's presence, as this questioning did not constitute a material stage of defendant's trial and the victim's psychiatric history did not "involve[ ] factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (*People v Dokes*, 79 NY2d 656, 660; *see, People v Rodriguez*, 85 NY2d 586, 590-591; *People v Morales*, 80 NY2d 450, 456-457; *People v Velasco*, 77 NY2d 469, 472).

Similarly, County Court properly denied defendant's motion for a mistrial. The motion was predicated upon the People having turned over to the defense not only the victim's medical records, but also several pages of hospital records belonging to another patient. Defense counsel contends that his trial strategy rested upon information contained in those other records. The decision whether to grant or deny a motion for a mistrial is discretionary, and we will not interfere with that decision unless there has been an abuse of discretion (*see, People v Birdsall*, 215 AD2d 878, 880, *lv denied* 86 NY2d 840, 88 NY2d 933). We find no abuse of discretion here. There has been no "error or legal defect in the proceedings * * * which is prejudicial to the defendant and [which] deprive[d] him of a fair trial" (CPL 280.10 [1]).

Although the People admittedly turned over another patient's records to defense counsel, even a cursory review of those records by defense counsel should have revealed that they were not the victim's records. The other patient's name was written on the top of certain sheets. Furthermore, some of the information contained in these records was inconsistent with the victim's history; for example, this patient had a

daughter, while the victim has no children. Finally, some of the notes in the other patient's file were made on September 17, 1994 and September 18, 1994—the dates of the incidents at issue in the case now before us. Surely, the victim could not have been at home, as described at trial, and confined to a hospital at the same time. In light of the foregoing, we find that County Court did not abuse its discretion in denying the motion for a mistrial.

Defendant also contends that County Court erred in requiring all contested issues that arose during trial to be heard during periodic recesses. Defendant did not object to this procedure, and we decline to reverse on this issue in the interest of justice.

Finally, we do not find the sentence in this case to be harsh or excessive. Defendant has an extensive criminal history, including a sexual assault conviction in New Mexico. In view of the reprehensible nature of the crimes for which defendant has been convicted, we do not view the sentence imposed to be harsh or excessive nor do we find any extraordinary circumstances that would justify a reduction of the sentence imposed (*see, People v Kenny,* 175 AD2d 404, 407, *lv denied* 78 NY2d 1012).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.