■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMAR TYSON, Appellant. [657 NYS2d 911] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered October 16, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the two bullets in plain view on the top of a dresser in his bedroom were properly seized upon his consent and the written consent of his uncle who had control of the apartment at that time *(see, People v Cosme,* 48 NY2d 286; *People v Kelley,* 220 AD2d 456).

Also unavailing is the defendant's contention that the People

committed a *Brady* violation by failing to disclose the complaining witness's continued use of drugs. There was no evidence that the People had that information, and, in any event, there is no reasonable possibility that its disclosure would have altered the outcome of the trial *(see, People v Vilardi,* 76 NY2d 67).

The defendant's claim regarding the prosecutor's summation remarks are either unpreserved for appellate review or without merit. In any event, the comments made by the prosecutor either constituted proper responses to the defense counsel's summation, were fair comment on the evidence, or did not prejudice the defendant *(see, People v Ashwal,* 39 NY2d 105; *People v Blow,* 172 AD2d 366).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.