■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN A. PERRY, Appellant. [674 NYS2d 844] —Mikoll, J. P. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered February 28, 1996, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, sexual abuse in the first degree, criminal possession of a weapon in the third degree (two counts) and unlawful imprisonment in the first degree. The convictions which are the subject of this appeal relate to knife-point attacks on two women occurring in the early evening hours of June 4, 1994 on the old Erie Canal Tow Path in the Town of Lenox, Madison County. Defendant's previously entered guilty plea was vacated pursuant to CPL article 440 when it was determined that Stephen Welchons, the Public Defender representing him, was not an attorney.

The central issue at trial was identification. Both victims positively identified defendant as their assailant and a witness acquainted with defendant since childhood testified to observing him on the tow path around the time of the attacks. Two other witnesses testified to seeing defendant at a tavern earlier in the day, wearing and carrying clothing similar to that described by the victims. One of these witnesses, Sarah Tucker, testified that defendant told her that he had walked to the tavern via the tow path and planned to return along the same

route. The other witness testified that she observed defendant in conversation with Tucker and, when he left the tavern shortly after 5:00 P.M., he headed in the direction of the tow path.

Defendant first contends that County Court erred in precluding his use of expert testimony concerning the unreliability of eyewitness identification evidence by witnesses whose perceptions may have been affected by stressful situations, and in limiting the funds for such expert to $500. It is well settled that "the admissibility and scope of expert testimony is committed to the sound discretion of the trial court" (*People v Fish*, 235 AD2d 578, 579, *lv denied* 89 NY2d 1092; *see, People v Mooney*, 76 NY2d 827, 828; *People v Cronin*, 60 NY2d 430, 433; *People v Knighton*, 165 AD2d 904, *lv denied* 77 NY2d 840). Where the subject matter is within the pale of the average juror's understanding, expert testimony thereon may be precluded (*see, People v Fish, supra*, at 579; *People v Knighton, supra*, at 906). We find no abuse of discretion in the court's refusal to permit the proffered testimony. Defense counsel thoroughly challenged the victims' identification testimony on cross-examination and we discern no basis upon which to conclude that the jury required expert testimony to enable them to understand or evaluate the identification testimony. Despite its ruling on the admissibility of this evidence, the court authorized an expenditure of $500 for the expert engaged by the defense, with express leave to apply for additional funds if necessary. No further application was made.

Equally unavailing is defendant's contention that County Court erred in permitting identification testimony from one of the victims. When first asked if her assailant was present in the courtroom, the witness responded, "I'm not sure." The prosecutor immediately requested a recess. The court asked the witness whether she would like to "take a few minutes" and she was given a tissue. After the jury left the courtroom, County Court indicated that the witness "was obviously going to pieces"; defense counsel indicated that he had been unable to hear her response. The prosecutor noted that when he posed the question to the witness, defendant had his head down and "his face just about planted" into the table. He requested that the court order defendant to stand and face the witness when the question was put to her again. Upon defense counsel's objection, the court suggested that everyone in the courtroom stand for that purpose, whereupon defense counsel said, "Fine." This procedure was employed when the witness resumed and she then positively identified defendant. Notwithstanding his

acquiescence in the procedure (indeed, it appears from the record that he was about to suggest it), defense counsel registered a timely objection. We find no error in the procedure employed. County Court was confronted with an obviously distraught witness, a claim by the prosecutor and a member of his staff that defendant had attempted to conceal his face when the witness was asked to identify him, and a response from the witness that she was "not sure" if her assailant was present. Under the circumstances, the solution employed by the court accommodated the objectives of enabling the witness to clearly view defendant while protecting him from an unduly suggestive identification process (*see, People v Thompson*, 231 AD2d 804; *People v Hunter*, 227 AD2d 797).

Defendant contends that County Court erred in failing to *sua sponte* declare a mistrial upon learning that a court attendant had improperly conversed with sworn jurors. This conversation involved the court attendant remarking that the court was extremely busy due to the necessity of retrying some 1,400 matters as a result of the Welchons matter. Upon learning of the conversation, the court conferred with counsel as to the appropriate measures to ascertain and minimize the effects of the improper conversation. The jurors and alternates were questioned individually, and those who had heard the conversation assured County Court that it would have no effect on their ability to render a fair and impartial verdict. Upon inquiry by the court as to the action to be taken, defense counsel reported that after conferring with defendant and discussing the available options, defendant expressly declined to move for a mistrial. The issue is therefore not preserved for review (*see*, CPL 470.05 [2]; *People v Albert*, 85 NY2d 851; *People v Medina*, 53 NY2d 951; *People v Carter*, 227 AD2d 661, *lv denied* 88 NY2d 1067; *People v Esposito*, 225 AD2d 928, *lv denied* 88 NY2d 935).

Contrary to defendant's contention, we do not find that County Court improperly marshalled evidence during its jury charge. The court briefly restated the positions of the prosecution and defense (*see, People v Esposito, supra,* at 932), and repeatedly emphasized that it did not favor or intend to emphasize either position. Although defendant's challenge to the court's circumstantial evidence charge is not preserved for review inasmuch as counsel not only failed to object thereto but, in fact, requested that it be repeated, we observe that the charge is deficient. The court instructed the jury that "the circumstantial facts proved must all be consistent with guilt and inconsistent with innocence * * * [I]f there is an equal

balance between the two then you must go with the side that from which you infer innocence." While not required to use the phrase "moral certainty", the court must instruct the jury that they must be satisfied " 'that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence' " (*People v Ford*, 66 NY2d 428, 441, quoting *People v Sanchez*, 61 NY2d 1022, 1024). Even were the error preserved, however, it would not mandate reversal in view of the overwhelming direct evidence of defendant's guilt and the minor role of circumstantial evidence in this case.

Finally, upon the exercise of our power of factual review, we do not find the verdict to be against the weight of the evidence. The identification testimony of the victims was not based solely on observations made during the attacks. Both had observed their assailant upon the tow path, under nonstressful conditions, prior to the crimes. Defendant's presence upon the tow path during the time period of the crimes was established by a witness who had known him for many years, and corroborative circumstantial evidence was given by the witnesses who had seen and spoken to defendant in the tavern earlier that day.

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.