■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY VAN GUILDER, Appellant. [723 NYS2d 523] —Mugglin, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 21, 1999, upon a verdict convicting defendant of the crime of cruelty to animals.

Defendant was charged in a single-count indictment with the misdemeanor of cruelty to animals in violation of Agriculture and Markets Law § 353 arising from his having left his dog in the basement of his former home when he moved on January 3, 1999. On January 17, 1999, neighbors who heard the dog barking called the police who obtained and executed a search warrant. They observed a completely dark, cold cellar which was partially flooded due to a broken water pipe, a frozen water dish, no evidence of any dog food or a food dish, an old rug which had been chewed, dog feces, including some which had undigested remnants of the rug in it, and a dog that had feces stuck in its fur and which was unable to walk well or keep its eyes open in the daylight. Subsequent examination by a veterinarian established that the dog's ribcage was prominent, it was 10 to 15 pounds underweight and had scabs around its neck, all signs of undernourishment. Following a jury trial, defendant was convicted and sentenced to one year in jail. On this appeal, defendant raises four issues which he claims denied him a fair trial: (1) improper joinder for trial of a separate indictment charging his live-in girlfriend with the same misdemeanor; (2) improper admission of expert testimony; (3) the inflammatory nature of the prosecutor's summation; and (4) ineffective assistance of trial counsel.

As a preliminary matter, we note that the first three of these issues were not preserved for our review due to the lack of proper and timely objections at trial (*see, People v Johnson*, 213 AD2d 791, 793, *lv denied* 85 NY2d 975). Thus, we address these issues only because defendant asserts, *inter alia*, that the failure to make timely and proper objections demonstrates that he received the ineffective assistance of trial counsel.

With respect to the joint trial issue, defendant asserts that prejudice occurred because his girlfriend's prior statements to a television reporter would not have been admissible had he been tried alone. Consolidation of the indictments appears to have been improper since it was done by County Court *sua sponte* (*see*, CPL 200.40 [2]). Nevertheless, acknowledging that there is some degree of prejudice in every joint trial (*see, People v Snare*, 216 AD2d 674, 675, *lv denied* 86 NY2d 802), in order for defendant to be entitled to a severance, there must be "unfair prejudice" (*id.*, at 675). Here, no unfair prejudice

resulted since his "right to confrontation was not infringed by the admission of his codefendant's statement since the codefendant testified at trial and the defendant had ample opportunity to cross-examine [her]" (*People v Thomas*, 197 AD2d 719, 719-720, *lv denied* 82 NY2d 904). Moreover, these were obviously not statements given to any police authority.

Next, defendant argues that the veterinarian was improperly allowed to express an opinion concerning matters within the understanding of the ordinary juror which resulted in the expert, not the jury, determining guilt. " '[T]he admissibility and scope of expert testimony is committed to the sound discretion of the trial court' " (*People v Perry*, 251 AD2d 895, 896, *lv denied* 94 NY2d 827, quoting *People v Fish*, 235 AD2d 578, 579, *lv denied* 89 NY2d 1092). We perceive no abuse of such discretion in allowing the veterinarian to express her opinions concerning appropriate scheduling of feedings for the dog or the state of the dog's health upon her physical examination. The jury's understanding was heightened by the specialized knowledge of the witness (*see, De Long v County of Erie*, 60 NY2d 296, 307; *People v Cronin*, 60 NY2d 430, 433).

With respect to the claim of prosecutorial misconduct, our review of the summation leads to the conclusion that the prosecutor's remarks were simply fair comment on the evidence and testimony given at trial and were properly responsive to defense counsel's summation (*see, People v Miller*, 239 AD2d 787, 789, *affd* 91 NY2d 372). Consequently, we find no merit to defendant's contention that he received ineffective assistance of counsel by reason of counsel's failure to object in a timely manner concerning any of these issues.

Defendant further asserts ineffectiveness of counsel due to the voluntary withdrawal of a suppression motion addressed to the admissibility of his statement. We conclude that there is no merit to this claim since our review of the evidence in this record reveals no showing of the likelihood of success of a challenge to the admissibility of defendant's statement (*see, People v Pray*, 199 AD2d 646, *lv denied* 83 NY2d 809). " 'So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met' " (*People v Benevento*, 91 NY2d 708, 712, quoting *People v Baldi*, 54 NY2d 137, 147). In sum, defendant's arguments are unpersuasive in the face of the overwhelming proof of guilt in this record (*see, People v Williams*, 178 AD2d 767, 768). We have reviewed the remainder of defendant's claims and find them to be lacking in merit.

Cardona, P. J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.