■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK FOX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered May 5, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 5 to 10 years' imprisonment on each count.

Judgment modified, on the law, by reducing the minimum term of the sentences imposed on both counts from 5 years to 3⅓ years. As so modified, judgment affirmed.

Six eyewitnesses testified at the defendant's trial that he initially pulled a gun and fired it at Kevin Campbell. A bystander was killed. The defendant testified that it was Campbell who had the gun, and when the defendant grabbed the gun in self-defense, it went off. The defendant contends that the court's charge on the justification defense was erroneous as it used an objective, reasonable person standard instead of a subjective standard based on what the defendant thought under the circumstances. No timely objection was made to the charge and any error was therefore not preserved for appellate review. In any event, the justification charge properly included a requirement that the defendant meet an objective standard based on how a reasonable person would have acted *(see, People v Goetz,* 68 NY2d 96).

We have examined the defendant's contention regarding the charge on flight and find it to be without merit.

The People concede that the sentence imposed is improper. Although criminal possession of a weapon in the second degree is an armed felony (CPL 1.20 [41]), the permissible minimum sentence for this class C felony is one third the maximum *(see,* Penal Law § 70.02 [4]). Therefore, the minimum sentence on this count should be reduced from 5 years to 3⅓ years. In passing sentence, the trial court erroneously determined that manslaughter in the first degree is an armed felony. Such is not the case because neither the possession nor the display of a gun is a statutory element of the crime *(see,*

*People v Hooper,* 112 AD2d 317). Therefore the permissible minimum sentence imposed should have been one third the maximum; namely, 3⅓ years. Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.