■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR NORWOOD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ferraro, J.), rendered May 17, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

William "Red" Petty was shot in the chest at close range by the defendant on September 10, 1982, and subsequently died as a result of the bullet wound. The testimony adduced at the trial established that the defendant exited his car upon observing a street confrontation between Michael Boyd, who was holding a gun, and the decedent, who was holding a brick. The defendant interceded by disarming both Boyd and the decedent. Rather than safely retreating by leaving the scene in his car, the defendant's testimony shows that he waited with gun in hand while Red walked 15 feet in the opposite direction in search of another brick. When Red, who was intoxicated, approached the defendant, the latter fired a warning shot into the ground and a second shot hit the decedent in the chest. There was conflicting testimony from witnesses to the incident as to whether or not Red swung a large piece of concrete at the defendant's head when the second shot was fired. Accord-

ing to witnesses for the prosecution, the defendant made a statement after taking the gun from Boyd and prior to firing the shots that if Boyd was not going to shoot Red, "I will". There was evidence that the decedent had previously been incarcerated for robbery and criminal possession of a weapon. While the defendant knew that the decedent had been recently released from jail, he testified that he did not know the nature of the charges against Red. Aside from evidence that the defendant knew Red had been in prison, a determination of whether the defendant reasonably believed physical force was necessary to prevent serious physical injury or death to himself turned upon conflicting testimony as to the physical movements of the decedent and the verbal remarks of the participants.

The defendant contends that the court's charge on the defense of justification was erroneous as it conveyed to the jury an objective, reasonable person standard instead of a solely subjective standard based on what the defendant thought under the circumstances. Contrary to the defendant's contention, a justification charge which includes a requirement that the defendant meet an objective standard based on how a reasonable person would have acted is proper (see, People v Goetz, 68 NY2d 96; People v Person, 124 AD2d 681, 682, lv denied 69 NY2d 715; People v Fox, 123 AD2d 642, lv denied 68 NY2d 1000; People v Reeves, 123 AD2d 403, 404, lv denied 69 NY2d 716).

Additionally, the defendant contends that the court's charge on the justification defense, which tracked the statutory language of Penal Law § 35.15, did not adequately explain the meaning of "reasonably believes". Since no timely objection was made to the court's charge, and since defense counsel did not request the court to elaborate upon the meaning of "reasonably believes", this issue has not been preserved for appellate review as a matter of law (see, CPL 470.05 [2]; People v Thomas, 50 NY2d 467, 471; People v Ecock, 124 AD2d 672, lv denied 69 NY2d 710). While the court's charge should have been more complete (see, People v Goetz, supra, at 114-115), in light of the overwhelming evidence of guilt, in particular the defendant's ability to safely retreat, and in the absence of any substantial likelihood that an elaboration of the justification charge would have resulted in a contrary verdict, reversal of the judgment of conviction is not warranted in the interest of justice (see, People v Lopez, 113 AD2d 475, lv denied 67 NY2d 946; People v Swinson, 111 AD2d 275, lv denied 66 NY2d 922). Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.