■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BENNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered June 15, 1987, convicting him of robbery in the first degree (three counts), robbery in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of imprisonment of $8\frac{1}{3}$ to 25 years, $12\frac{1}{2}$ to 25 years, $12\frac{1}{2}$ to 25 years, 5 to 15 years, $7\frac{1}{2}$ to 15 years, 5 to 15 years, $7\frac{1}{2}$ to 15 years, and $3\frac{1}{2}$ to 7 years, respectively, to be served consecutively to a sentence presently being served.

Ordered that the judgment is modified, on the law, by reducing the minimum terms of imprisonment for the conviction of (1) assault in the first degree under the fifth count of the indictment from $7\frac{1}{2}$ to 5 years, (2) criminal possession of weapon in the second degree from $7\frac{1}{2}$ to 5 years and (3) criminal possession of a weapon in the third degree from $3\frac{1}{2}$ to $2\frac{1}{3}$ years; as so modified, the judgment is affirmed.

The defendant's contention that the People failed to meet their burden of proving his identity as the perpetrator of the crimes for which he was convicted is without merit. Viewing the evidence in the light most favorable to the prosecution, we find, based on the complainant's ability to see the defendant during the commission of the crimes and the subsequent lineup identification, that it was legally sufficient to support the verdict (*People v Contes*, 60 NY2d 620, 621). Although there were inconsistencies in the complainant's testimony, the resolution of issues of credibility, as well as the weight to be attributed to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Also without merit is the defendant's contention that two instances when the court, during its identification charge, misspoke and used his name instead of the term "the perpetrator", served to deny him his fundamental right to a fair trial. In the context of the entire identification charge, these two minor slips of the tongue cannot be said to have resulted in a usurpation of the jury's prerogative as the sole judge of the defendant's culpability and criminal liability (see, *People v Hommel*, 41 NY2d 427). *People v Davis* (73 AD2d 693), upon which the defendant relies, clearly does not compel a contrary result.

Finally, we find that the trial court did not improvidently exercise its discretion in imposing the maximum terms of imprisonment for the crimes for which defendant was convicted (see, *People v Farrar*, 52 NY2d 302, 305; *People v Suitte*, 90 AD2d 80, 86-87). However, as conceded by the People, the minimum sentences imposed for the crime of assault in the first degree as charged in the fifth count of the indictment, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree were improper. These offenses are not class B armed felonies (see, CPL 1.20 [41]; Penal Law § 70.02 [4]). Pursuant to Penal Law § 70.02 (4), the minimum sentence on those charges should have been fixed at one third the maximum (see, *People v Fox*, 123 AD2d 642, *lv denied* 68 NY2d 1000; *People v Edwards*, 121 AD2d 254, *lv denied* 69 NY2d 710). Thus, the sentence im-

posed is modified as indicated. Mollen, P. J., Brown, Kooper and Eiber, JJ., concur.