■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK HENEGAN, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Thorp, J.), rendered February 19, 1987, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The evidence was of sufficient quantity and quality to establish that the defendant intended to cause physical injury to the complainant, Kevin Bruington, by means of a knife, so as to support a conviction of assault in the second degree. In addition, the People adequately disproved the defense of justification. The credible facts reveal that the complainant was unarmed when the stabbing occurred. Thus, the jury could properly have found that the defendant could not have "reasonably believed" that the complainant would use imminent deadly physical force, and would thus himself be compelled to resort to deadly physical force to avert the perceived threat (see, People v Goetz, 68 NY2d 96, 106-107). The People presented testimony indicating that the complainant was disarmed of his "weapon", i.e., a small rubber-tipped hammer, before the first stab wound was inflicted, and thus presented no threat to the defendant's safety (see, People v Martinez, 149 AD2d 438; People v Dallara, 108 AD2d 867).

The defendant's objections to the court's charge on justification are unpreserved for appellate review as a matter of law (see, CPL 470.05 [2]; People v Thomas, 50 NY2d 467, 471; People v Norwood, 133 AD2d 423, 424). Moreover, in the absence of a substantial likelihood that an elaboration of the charge would have resulted in a contrary verdict, reversal of the judgment of conviction in the interest of justice is not warranted (see, People v Norwood, supra, at 424). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.