THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ESTEVES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella,

J.), rendered March 24, 1987, convicting him of attempted murder in the second degree, kidnapping in the second degree, criminal use of a firearm in the first degree, assault in the first degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the. second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the minimum terms of imprisonment imposed on the defendant's convictions of: (1) attempted murder in the second degree from 12½ years to 8⅓ years, (2) kidnapping in the second degree from 12½ to 8⅓ years, (3) assault in the first degree from 7½ to 5 years, (4) criminal use of firearm in the second degree from 7½ to 5 years, and (5) criminal possession of a weapon in the second degree from 7½ to 5 years; as so modified, the judgment is affirmed.

Viewing the evidence, in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The evidence adduced at the trial established that the victim was forced to enter a moving vehicle, driven by the defendant, between the approximate hours of 3:30 P.M. and 4:30 P.M., on May 27, 1986. He was thereafter driven around for approximately three hours while his freedom of movement was restrained and while he was under the threat of use of deadly physical force (see, Penal Law § 135.00 [2]; § 135.20). The attempted murder of the victim occurred at approximately 7:00 P.M. that evening at the Saw Mill River Parkway toll booth plaza, when the victim tried to escape through the window on the driver's side of the vehicle.

The defendant also argues that the People's witnesses lacked credibility and that the verdict was against the weight of evidence. We disagree. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

However, it was error for the sentencing court to have imposed a minimum term that was one half of the maximum term upon the defendant's convictions of attempted murder in

the second degree and kidnapping in the second degree because those crimes are not armed felony offenses by definition *(see,* Penal Law § 70.02 [4]; §§ 125.25, 135.20; CPL 1.20 [41]; *People v Bartlett,* 146 AD2d 705). Instead, the minimum terms of imprisonment for those convictions should have been fixed at one third of the maximum terms imposed *(see,* Penal Law § 70.02 [4]). Similarly, it was error for the sentencing court to have imposed a minimum term of imprisonment that was one half of the maximum term upon the defendant's convictions of assault in the first degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the second degree since those crimes are not class B armed felonies *(see,* Penal Law § 70.02 [4]; §§ 120.10, 265.08, 265.03; *People v Stuckey,* 147 AD2d 724; *People v Bennett,* 144 AD2d 564). Instead, the minimum terms for those convictions should have also been fixed at one third of the maximum terms imposed *(see,* Penal Law § 70.02 [4]). The judgment of conviction has been modified accordingly.

We note that it was proper for the sentencing court to impose a minimum term that was one half the maximum term upon the defendant's conviction of criminal use of a firearm in the first degree, since that crime is a class B armed felony offense *(see,* Penal Law § 70.02 [4]; § 265.09; CPL 1.20 [41]).

We have examined the defendant's remaining arguments, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit *(see, People v Valero,* 134 AD2d 635, 636; *People v Kalyon,* 142 AD2d 650, 651; *People v Ko,* 133 AD2d 850; *People v Gamal,* 148 AD2d 468; *People v Suitte,* 90 AD2d 80). Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.