■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDILLAHI NOOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered January 9, 1990, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 11, 1989, the defendant engaged in an altercation in a Brooklyn grocery store with the owner and some other men. At trial, there was sharply conflicting testimony as to who had started the argument and what actually transpired as it continued inside the store. At some point, the fracas spilled out onto the street in front of the grocery store, with one man chasing the defendant and swinging a shovel at him. Moments later, the defendant's pursuer lay dead of a knife wound to the chest. The defendant claimed that he inflicted the wound in self-defense.

On appeal, the defendant alleges that the trial court's charge with respect to the justification defense was improper because it did not require the jury to consider the circumstances confronting the defendant from his perspective. Because the defendant did not object to the charge as delivered or request supplemental instructions regarding the subjective element of the defendant's reasonable belief about his circumstances, he failed to preserve the issue for appellate review as a matter of law (CPL 470.05 [2]; *People v Campbell,* 160 AD2d 717; *People v Henegan,* 150 AD2d 606, 607; *People v Norwood,* 133 AD2d 423, 424). In any event, the defendant's claim lacks merit. In marshalling the evidence, the court summarized the facts of the defendant's situation from the defendant's point of view. The court then charged the jurors that the justification defense was available if they found that the defendant reasonably believed that the victim was using, or was about to use, deadly physical force against him (Penal Law § 35.15 [2] [a]).

Continuing the charge, the court implied that the jury should focus on what this particular defendant believed about the imminence of his danger (see, People v Wesley, 76 NY2d 555; People v Goetz, 68 NY2d 96). Consequently, the court satisfied the subjective element of the justification charge.

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review and, in any event, without merit. Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.