■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PAGAN, Also Known as CHINO, Appellant. [598 NYS2d 1] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered October 24, 1991, convicting defendant, upon his guilty plea, of manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree, and sentencing him to concurrent prison terms of 3 to 9 years for the manslaughter, 7 to 14 years for the weapon possession and 10 to 20 years for the use of a firearm, unanimously modified, on the law, with respect to the weapon possession only, to reduce the sentence thereon to 4⅔ to 14 years, and as so modified, affirmed.

Criminal possession of a weapon in the second degree (Penal Law § 265.03), an armed felony by definition (CPL 1.20 [41]; *People v Fox,* 123 AD2d 642, *lv denied* 68 NY2d 1000), is categorized as a class C violent felony offense (Penal Law § 70.02 [1] [b]). As such, the maximum term of an indeterminate sentence may be up to 15 years (§ 70.02 [3]), and the minimum period of imprisonment must be fixed at *one-third* the maximum term imposed (§ 70.02 [4]; *People v Esteves,* 163 AD2d 413, 415, *lv denied* 80 NY2d 830; *People v Fox, supra).* Accordingly, the concurrent sentence on this charge must be reduced, as a matter of law, to 4⅔ to 14 years, and the People so concede.

We have examined defendant's other challenges to the sentences imposed and find them without merit. Concur— Carro, J. P., Wallach, Asch and Rubin, JJ.