■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GURGANIOUS, Appellant. [625 NYS2d 999] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered July 5, 1991, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's charge with respect to justification was improper because it did not require the jury to consider the circumstances confronting the defendant from his perspective. Because the defendant did not object to the charge as delivered or request supplemental instructions regarding the subjective belief about his circumstances, he failed to preserve the issue for appellate review *(see,* CPL 470.05 [2]; *People v Noor,* 177 AD2d 517). In any event, the claim is without merit. The court followed the pattern jury instructions verbatim *(see,* 1 CJI[NY] 35.15 [2] [a], at 867-873). The court charged the jurors that the defense was available if they found that the defendant reasonably believed that the victim was using or was about to use deadly physical force against the defendant *(see,* Penal Law § 35.15 [2] [a]). The court also indicated that the jurors should focus on what this

particular defendant believed about the imminence of his danger *(see, People v Wesley,* 76 NY2d 555). Further, the court properly instructed the jurors to figuratively stand in the shoes of the defendant and see how the circumstances appeared to him. The court properly instructed the jury on the material legal principles *(see, People v Martin,* 168 AD2d 221). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.