■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AURELIO BERNARD, Appellant. [635 NYS2d 277] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered July 16, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's charge on the defense of justification was misleading because the objective portion of the charge failed to instruct the jurors that they should put themselves in his shoes and consider the circumstances as they appeared to him. This claim of error is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Noor*, 177 AD2d 517). In any event, it is without merit. The court followed the pattern jury instructions on the defense of justification nearly verbatim (*see,* 1 CJI[NY] 35.15 [2] [a], at 867-873). The court instructed the jury that the defense was available to the defendant if it found that he reasonably believed that the victim was using or was about to use deadly physical force against him (*see,* Penal Law § 35.15 [2] [a]). The court also instructed the jury to focus on what the defendant believed about the imminence of the danger (*see, People v Wesley*, 76 NY2d 555). The subjective portion of the charge properly instructed the jury on the material legal principles (*see, People v Martin*, 168 AD2d 221), to stand in the shoes of the defendant and to consider the circumstances as they appeared to him (*see, People v Gurganious*, 214 AD2d 681; *People v De Sarno*, 121 AD2d 651, 653), and then to consider whether the

average person would have had the same belief under the same circumstances.

The defendant's sentence is not unduly harsh or excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review (*see*, CPL 470.05 [2]) and, in any event, without merit. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.