■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUJAHIDEEN MUHAMMED, Appellant. [755 NYS2d 869] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 30, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's charge to the jury failed to relate the principles of justification to the facts of his case. This contention is unpreserved for appellate review, as the defendant failed to request specific instructions or to object to the court's charge as given (*see* CPL 470.05 [2]; *People v Buckley,* 75 NY2d 843 [1990]; *People v Whalen,* 59 NY2d 273 [1983]; *People v Hyc,* 240 AD2d 431 [1997]; *People v Samuels,* 198 AD2d 384 [1993]). Moreover, reversal of the judgment of conviction in the exercise of our interest of justice jurisdiction is not warranted as there is no "substantial likelihood that an elaboration of the charge [on justification] would have resulted in a contrary verdict" (*People v Henegan,* 150 AD2d 606, 607 [1989]; *see People v Norwood,* 133 AD2d 423 [1987]).

Additionally, the trial court providently exercised its discretion in making its *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371, 374-375 [1974]). The record demonstrates that the trial court struck a proper balance between the probative worth of the evidence and its possible prejudice to the defendant (*see People v Forino,* 287 AD2d 519 [2001]; *People v Sobers,* 272 AD2d 418 [2000]; *People v Hegdal,* 266 AD2d 472 [1999]).

The defendant's remaining contentions are without merit. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.