■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HENRY, Appellant. [761 NYS2d 853] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 29, 2001, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, by not excepting to the Supreme Court's curative instruction regarding a question he was asked by the prosecution pertaining to his prearrest silence, the defendant failed to preserve for appellate review his claim with respect to the curative instruction (*see People v Basora,* 75 NY2d 992 [1990]; *People v Slack,* 131 AD2d 610 [1987]). In any event, given the extremely limited context in which the defendant's prearrest silence was raised by the prosecutor, the Supreme Court's curative instruction to the jury and the overwhelming evidence of the defendant's guilt, any error was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Patellis,* 305 AD2d 429 [2003]; *People v Slack, supra*).

The defendant also contends that the Supreme Court's jury instruction on justification was improper. However, this claim

is unpreserved for appellate review because the defendant did not object to the charge as given or request a supplemental charge (*see People v Santos,* 280 AD2d 561 [2001]; *People v Noor,* 177 AD2d 517 [1991]). In any event, the contention is without merit. The Supreme Court properly instructed the jury on both the objective and subjective tests which are employed in the jury's determination as to whether the defendant's actions were justified (*see* Penal Law § 35.15 [2] [a]; *People v Santo, supra; People v Gurganious,* 214 AD2d 681 [1995]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Prudenti, P.J., Altman, Smith and Adams, JJ., concur.