THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER SPILLMAN, Appellant. [870 NYS2d 363]

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of assault in the second degree (Penal Law § 120.05 [3]), and resisting arrest (Penal Law § 205.30; *see People v Riccobono*, 282 AD2d 552, 552-553 [2001]; *People v Coulanges*, 264 AD2d 853 [1999]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the Supreme Court erred in charging the jury on Penal Law § 35.27 (the "no-sock law") immediately after charging the jury on resisting arrest (*see People v Basora*, 75 NY2d 992, 994 [1990]; *People v Henry*, 306 AD2d 539 [2003]; *People v Slack*, 131 AD2d 610 [1987]). In any event, we note that the defendant requested that the court charge the jury with respect to Penal Law § 35.27. The court later clarified that the instruction related to the justification defense. Moreover, the charge did not blur the distinction between authorized and unauthorized arrests or leave the jury with the impression that the defendant would be guilty of resisting an unauthorized arrest if he used force (*see People v Commesso*, 184 AD2d 719, 721 [1992]; *cf. People v Rosa*, 277 AD2d 506, 507 [2000]; *People v Carneglia*, 63 AD2d 734, 735 [1978]; *People v Harewood*, 63 AD2d 876, 877 [1978]).

The defendant's remaining contentions are without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.