People v Califano (2019 NY Slip Op 07411)





People v Califano


2019 NY Slip Op 07411


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-10991
 (Ind. No. 1035/14)

[*1]The People of the State of New York, respondent,
v
Umberto Califano, appellant.


Thomas A. Kenniff, Mineola, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Hilda Mortensen and W. Thomas Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered September 8, 2017, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with assault in the second degree (Penal Law § 120.05[3]), resisting arrest (Penal Law § 205.30), obstructing governmental administration in the second degree (Penal Law § 195.05), and disorderly conduct (Penal Law § 240.20[3]) arising out of an altercation he had with a police officer who had been investigating a complaint of slashed car tires in a neighborhood in Oceanside, Nassau County. In March 2016, the defendant was convicted, upon a jury verdict, of disorderly conduct; the jury could not reach a verdict as to the remaining charges. This Court affirmed the defendant's conviction of disorderly conduct (see People v Califano, 155 AD3d 647). Upon retrial in June 2016 of the charges of assault in the second degree, resisting arrest, and obstructing governmental administration in the second degree, the defendant was convicted, upon a jury verdict, of assault in the second degree and resisting arrest. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of assault in the second degree (Penal Law § 120.05[3]) and resisting arrest (Penal Law § 205.30; see People v Riccobono, 282 AD2d 552, 552-553; People v Coulanges, 264 AD2d 853, 853; see also People v Weaver, 16 NY3d 123, 128). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the Supreme Court erred in charging the jury (see People v Spillman, 57 AD3d 580, 581; People v Henry, 306 AD2d 539, 539-540). In any event, the contention is without merit (see People v Commesso, 184 AD2d 719, 721; see also People v Spillman, 57 AD3d at 581).
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court