■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BARNES, Appellant. [607 NYS2d 342] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered February 25, 1992, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Defendant robbed the victim, in the presence of the victim's friend, of jewelry in Central Park, after which he fled. During the pursuit by police officers, defendant was blocked by a backup unit. As he fled, defendant discarded a plastic gun. When he was arrested defendant claimed that he had dropped the rings while running. This statement was orally relayed by the arresting officer to the prosecutor shortly after the incident. However, the officer forgot that he had recorded the statement in the back of his memo book. During cross-examination, the officer's memory was triggered, he informed the prosecutor of the written statement, the prosecutor disclosed this fact to defense counsel, and the court conducted an inquiry which established the lack of bad faith by the prosecutor or the officer. The court offered defense counsel the option, as a sanction, either of reopening cross-examination to probe the officer concerning the statement as well as the memorialization of statement, or submitting of an adverse inference instruction to the jury. Counsel opted to reopen cross-examination. Testimony adduced during this cross-examination remedied any potential prejudice to defendant. The court then did not submit the adverse inference instruction. Since the written statement was disclosed to defendant at a time when defense counsel still could have the benefit of knowledge of the statement, the *Rosario* error does not mandate reversal, per se *(cf., People v Goins,* 73 NY2d 989; *see, People v Ranghelle,* 69 NY2d 56, 63). In view of the lack of prejudice, as well as the lack of bad faith by the officer or the prosecutor *(compare, People v Perez,* 65 NY2d 154; *People v Thompson,* 71 NY2d 918), we find the court's responsive action appropriate, and reversal is not warranted. Concur—Rosenberger, J. P., Ellerin, Kupferman and Nardelli, JJ.