■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON T. SHEPARD, Appellant. [687 NYS2d 196] —Mercure, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered June 27, 1997, upon a verdict convicting defendant of the crimes of rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

Defendant was indicted for rape in the first degree, two counts of sexual abuse in the first degree and endangering the welfare of a child, all stemming from his sexual contact with a five-year-old victim during the summer and fall of 1995 when the two lived together with defendant's father and the victim's mother. The matter proceeded to trial, where the primary evidence against defendant consisted of the victim's sworn testimony, medical evidence offered by the victim's pediatrician and a written confession defendant gave to State Police Investigator Thomas Aiken. A jury convicted defendant of rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child. Sentenced to concurrent prison terms aggregating 8½ to 17 years, defendant appeals, primarily contending that County Court erred in refusing to suppress his written confession and purportedly inculpatory oral statements he made to the victim's mother.

The evidence adduced at the *Huntley* hearing showed that Aiken and the victim's mother believed that defendant had sexually abused the victim and, in an effort to obtain evidence,

arranged for the mother to bring defendant to her home and confront him while Aiken stood by in another room and surreptitiously recorded their conversation. When it became apparent that defendant was not going to acknowledge his guilt, Aiken entered the room and stated that he would like to question defendant at the State Police barracks. Defendant agreed and voluntarily accompanied Aiken to the barracks. After they arrived, but before any questioning commenced, Aiken advised defendant of his *Miranda* rights. Aiken then questioned defendant about his sexual abuse of the victim and defendant made various admissions which were incorporated into the signed statement that was received in evidence at trial.

Turning to defendant's specific assertions of error, we first reject the contention that the written statement should have been suppressed because defendant was denied access to his mother. Significantly, because defendant was 17 years old at the time of the questioning, he was legally an adult and the police had no obligation to let family members or friends communicate with him during the questioning (*see, People v Rogers*, 247 AD2d 765, 766, n 1, *lvs denied* 91 NY2d 976, 977; *People v Sticht*, 226 AD2d 838, 840, *lv denied* 88 NY2d 995; *People v Page*, 225 AD2d 831, 833, *lv denied* 88 NY2d 883). In addition, there is no basis for a finding that defendant was isolated from family members as the result of any official deception or trickery (*see, People v Salaam*, 83 NY2d 51, 55; *People v Dearstyne*, 230 AD2d 953, 958, *lv denied* 89 NY2d 1034; *People v Page, supra*, at 833). To the contrary, the evidence merely showed that, while en route to the barracks, defendant asked to use Aiken's cellular phone to call his mother and Aiken stated that defendant should wait until they arrived at the barracks. Defendant never renewed the request after their arrival.

We are similarly unpersuaded that County Court erred in refusing to suppress the oral statements defendant made to the victim's mother. Even if Aiken's fairly passive involvement constituted active governmental participation in a private investigation such as to "invoke[ ] the full panoply of constitutional protections" (*People v Ray*, 65 NY2d 282, 286), an issue we need not determine, the fact remains that no custodial interrogation took place. The record shows that defendant voluntarily accompanied the victim's mother to her home and was questioned by her for a brief period of time in a nonthreatening and somewhat familiar setting, that he was neither restrained nor isolated and, in fact, that he had no knowledge of the police presence during the interrogation. There can be no serious

question that any "reasonable person in * * * defendant's position, innocent of any crime, would have believed that he * * * was free to leave" (*People v Hofmann*, 238 AD2d 716, 719, *lv denied* 90 NY2d 940; *see, People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). We also note the absence of any evidence that would have competently supported a finding that defendant's statements were obtained "by means of any promise or statement of fact, which * * * creates a substantial risk that * * * defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]).

Turning briefly to defendant's additional contentions, we first conclude that the responses given to County Court's inquiries adequately demonstrated the victim's qualification to give sworn testimony at trial (*see*, CPL 60.20 [2]). Her answers evidenced her ability to discern the difference between the truth and a lie and to recall and relate prior events, that she knew the meaning of an oath and that she understood the consequences of telling a lie (*see, People v Morales*, 80 NY2d 450, 453). Next, County Court did not abuse its discretion in denying defendant's request to introduce expert testimony regarding the validity of defendant's confession. Where the evidence sought to be introduced does not " 'depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence' ", there is no occasion to resort to expert testimony (*Kulak v Nationwide Mut. Ins. Co.*, 40 NY2d 140, 148, quoting *Dougherty v Milliken*, 163 NY 527, 533). Additionally, defendant's admission to "putting [his] penis into [the victim]", the victim's testimony that defendant tried to stick his "wee-wee" up her, on her "wee-wee", and the pediatrician's testimony that the victim sustained a type of tear to her hymen that would have to be caused by "something that tries to penetrate the vagina" adequately established that defendant effected penetration, however slight (*see*, Penal Law § 130.00 [1]). Defendant's remaining contentions are either unpreserved or have been considered and found to be lacking in merit.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.