■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. JOHNSTON, Appellant. [709 NYS2d 230] —Rose, J. Appeal from a judgment of the County Court of Madison County (Coccoma, J.), rendered July 11, 1997, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and aggravated sexual abuse in the second degree.

Defendant, a 21-year-old teacher's aide at a nursery school in the Village of Hamilton, Madison County, was indicted in January 1997 on one count of aggravated sexual abuse in the second degree, two counts of sexual abuse in the first degree and two counts of a course of sexual conduct against a child in the second degree. Specifically, the first count of the indictment alleged that on December 20, 1996 defendant had sexually abused victim A, a female student at the school who was then five years old, and caused physical injury. The remaining counts charged defendant with sexual abuse of victim A without physical injury on that same date, as well as on other occasions during the three previous months, and with similar sexual abuse of victim B, another female student at the school who was then four years old, during the same three months.

After a trial at which County Court determined that the two victims were both competent to testify under oath, defendant was acquitted of all charges except aggravated sexual abuse in

the second degree and sexual abuse in the first degree as it related to the single incident of abuse of victim A on December 20, 1996. County Court sentenced defendant to concurrent terms of imprisonment of 7 to 14 years for aggravated sexual abuse in the second degree and 1 to 3 years for sexual abuse in the first degree. Defendant now appeals.

Defendant initially contends that his statements to police should have been suppressed because he had been in custody and because the investigator who interviewed him applied such psychological pressure as to overbear his will and impair his capacity for self-determination.

Such a question is one of fact and we will not disturb the trial court's determination unless it is erroneous as a matter of law or unsupported by the record (*see, People v Smith,* 214 AD2d 845, 847, *lv denied* 86 NY2d 741). Our measure must be an "objective standard of whether a reasonable person in the defendant's position, innocent of any crime, would have believed that he or she was free to leave the presence of the police" (*People v Hofmann,* 238 AD2d 716, 719, *lv denied* 90 NY2d 940; *see, People v Smith, supra,* at 847). The factors relevant to this inquiry include the amount of time spent with the police, any significant restriction on defendant's freedom of action, the location and atmosphere of the questioning, the degree of cooperation by defendant, whether defendant was informed of his or her constitutional rights and whether the nature of the questioning was investigatory or accusatory (*see, People v Hofmann, supra,* at 719).

The undisputed *Huntley* hearing testimony demonstrates that defendant had voluntarily accompanied the investigator to the police substation, he was not physically restrained at any time, he was advised of his constitutional rights and he indicated that he understood them. Also, defendant was interviewed for only a little more than one hour and questioning ceased as soon as he requested an attorney. We are unpersuaded by defendant's argument that custody should be inferred from the officer's refusal to allow his friend to accompany him to the police substation because defendant is an adult and the police had no obligation to include his friend in the ride to the substation or in the interview (*see, People v Shepard,* 259 AD2d 775, 776, *lv denied* 93 NY2d 979). These factors lead us to conclude that County Court properly refused to suppress defendant's statements on the ground that he was not in custody (*see, People v Hofmann, supra,* at 719; *People v Gillis,* 220 AD2d 802, 803, *lv denied* 87 NY2d 921; *People v Smith, supra,* at 847), his statements were voluntary and his

will was not overborne by psychological coercion (*see, People v Thornton*, 263 AD2d 782, 783, *lv denied* 93 NY2d 1046; *People v Huntley*, 259 AD2d 843, 845-846, *lv denied* 93 NY2d 972; *People v Linderberry*, 215 AD2d 867, 868-869, *lv denied* 86 NY2d 844).

Defendant next contends that County Court's decision to allow the People to introduce evidence of a 1996 misdemeanor conviction for petit larceny was erroneous because it served no other purpose than to show a propensity to commit the crimes charged and that this error was not harmless because the People's case rested on the credibility of the very young victims.

A *Sandoval* ruling must resolve whether the permitted evidence of prior criminal, vicious or immoral acts "would have a disproportionate and improper impact on the trier of fact" (*People v Williams*, 256 AD2d 661, 662, *lv denied* 93 NY2d 981), and the use of such testimony for the purposes of impeachment and credibility must be balanced against the possible prejudice to defendant (*see, id.*, at 662). Here, as County Court correctly noted, defendant's prior theft conviction showed his willingness to put his own self-interest above others, involved dishonesty, was close in time and was dissimilar to the instant charges (*see, People v Intelisano*, 188 AD2d 881, 882; *People v Jacobs*, 148 AD2d 811, 814, *appeal dismissed* 74 NY2d 897). County Court properly balanced the potential for prejudice and exercised its discretion by allowing evidence concerning the conviction and its underlying facts while prohibiting evidence of four other charges (*see, People v Williams, supra*, at 662).

Defendant also argues that the counts of the indictment should have been severed because the evidence was complex and, although he was acquitted of charges concerning victim B, the presence of evidence of other acts nevertheless affected the jury in forming its verdict as to victim A.

The governing rule is that a defendant bears the burden of demonstrating good cause as to why properly joined offenses should be severed, and the determination of a motion to sever is within the trial court's sound discretion (*see*, CPL 200.20 [3]; *People v Johnson*, 268 AD2d 891, 893-894). Here, defendant's acquittal of all of the charges relating to victim B and one of the counts relating to victim A strongly suggests that the jury was able to distinguish and discriminate among the victims and the evidence presented. In these circumstances, we cannot agree that defendant was prejudiced as a result of the offenses being joined (*see, People v Kelly*, 270 AD2d 511, 512-513; *People v Burnett*, 228 AD2d 788, 789; *People v Boyea*, 222 AD2d 937, 939, *lv denied* 88 NY2d 934).

Many of defendant's contentions of errors warranting reversal make reference to receipt of the child victims' testimony under oath. Central to those references is his argument that, due to their being less than six years of age, neither victim understood the nature of the oath or had the ability to recall or relate prior events. However, as County Court made an appropriate inquiry concerning the competency of both witnesses, and its discretionary conclusion to permit them to testify under oath is supported by the evidence, we reject defendant's argument.

A child under 12 years old may not testify under oath unless the court is satisfied that the child understands the nature of an oath (*see,* CPL 60.20 [2]). This rebuttable presumption is overcome when the child demonstrates sufficient intelligence and capacity, and has some conception of the obligations of an oath and the consequences of giving false testimony (*see, People v Parks,* 41 NY2d 36, 46; *People v Nisoff,* 36 NY2d 560, 566; *People v Cordero,* 257 AD2d 372, 373, *lv denied* 93 NY2d 968). The voir dire of the children performed by County Court, defendant's counsel and the People here amply warranted County Court's decision to allow the victims to be sworn (*see, People v Shepard,* 259 AD2d 775, 777, *supra; People v Brown,* 243 AD2d 282, 283, *lv denied* 91 NY2d 870; *People v Christie,* 241 AD2d 699, 700, *lv denied* 90 NY2d 938).

Defendant further contends that County Court erred in precluding the testimony of his expert, a psychologist who was prepared to offer evidence concerning children's susceptibility to suggestive interrogation.

Such determinations of the admissibility and scope of expert testimony are committed to the sound discretion of the trial court, and the court's decision will not be disturbed absent a showing of serious mistake, error of law or abuse of discretion (*see, People v Perry,* 251 AD2d 895, 896, *lv denied* 94 NY2d 827; *People v Fish,* 235 AD2d 578, 579-580, *lv denied* 89 NY2d 1092). Expert opinion is admissible if " 'it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror' " (*People v Taylor,* 75 NY2d 277, 288, quoting *De Long v County of Erie,* 60 NY2d 296, 307). Accordingly, expert testimony may be precluded if it is within the average juror's understanding, not beyond the range of ordinary knowledge or intelligence and does not require professional or scientific knowledge (*see, People v Shepard,* 259 AD2d 775, 777, *supra; People v Perry, supra,* at 896). Where expert testimony is deemed an appropriate aid to the jury's understanding and is based on scientific principles or

procedures, then the trial court must also confirm that the principles or procedures upon which the expert's opinions will be based have gained general acceptance in its specified field (*see, People v Wesley*, 83 NY2d 417, 422-423; *People v Green*, 250 AD2d 143, 146, *lv denied* 93 NY2d 873).

Here, after reviewing defendant's offer of proof, County Court rationally concluded that the subject matter was within the jurors' common knowledge and experience based on answers elicited from the jurors and recorded by the court during voir dire indicating that they were aware of the effects of suggestion on children. Moreover, there is support in this record for County Court's additional basis for precluding defendant's expert on the ground that such opinions had not received general acceptance in the field of psychology. Despite the US Supreme Court's opinion in *Daubert v Merrell Dow Pharms.* (509 US 579), we continue to apply the stricter "general acceptance" test of *Frye v United States* (293 F 1013) in cases where the reliability and admissibility of scientific evidence are in issue (*see, People v Wernick*, 89 NY2d 111, 120; *People v Green, supra*, at 146-147). Finally, although the expert did not testify, defendant had an opportunity to challenge the interview techniques used with the victims on cross-examination and he was not unduly prevented from presenting this defense (*see, People v Shepard, supra*, at 777; *People v Perry, supra*, at 896).

Defendant next contends that his conviction was not supported by legally sufficient evidence. He alleges that the People failed to prove all of the elements of the crimes charged beyond a reasonable doubt because victim A's testimony at trial was not credible, inconsistencies among the witnesses' testimonies cast serious doubt on his guilt and there was insufficient medical evidence to support a finding of guilt as to the element of physical injury.

The determination of the legal sufficiency of evidence is based on " 'whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged' " (*People v Stickles*, 267 AD2d 604, 605, quoting *People v Bleakley*, 69 NY2d 490, 495). As is relevant to the indictment here, a person is guilty of aggravated sexual abuse in the second degree if "he inserts a finger in the vagina * * * of another person causing physical injury to such person * * * [w]hen the other person is less than eleven years old" (Penal Law § 130.67 [1] [c]). A person is guilty of sexual abuse in the first degree when he or she "subjects another person to

sexual contact * * * [w]hen the other person is less than eleven years old" (Penal Law § 130.65 [3]). " 'Sexual contact' means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). Sexual gratification may be inferred from the conduct of the perpetrator (see, People v Beecher, 225 AD2d 943, 944-945).

Here, five-year-old victim A identified defendant as "Mr. Tim" and testified that "Mr. Tim" placed his finger on her "bottom," which she indicated was her lower abdominal area, and that his action hurt her. There was also testimony that blood was found in the victim's underwear after this incident. The physician's assistant and emergency room doctor who examined victim A on the day of the incident testified that there were abrasions, a small fissure and fresh blood on her inner genitalia and that such injuries were likely caused by a blunt object such as a finger. A pediatrician specializing in child abuse also testified that the injuries could have been caused by an adult finger. Accepting this testimony in the light most favorable to the prosecution, as we must on our review, the jury could readily conclude from such evidence that defendant committed the crimes of aggravated sexual abuse in the second degree and sexual abuse in the first degree (see, People v Stickles, 267 AD2d 604, 605, supra; People v Hamilton, 256 AD2d 922, 923-924, lv denied 93 NY2d 874; People v Beecher, supra, at 944-945; People v Morey, 224 AD2d 730, 732, lv denied 87 NY2d 1022).

Any inconsistencies in the testimony of victim A and the testimony of other witnesses raised issues of credibility to be determined by the jury (see, People v Bolden, 194 AD2d 834, 835, lv denied 82 NY2d 714; People v Tomczak, 189 AD2d 926, 927-928, lv denied 81 NY2d 977). Accordingly, we find that the evidence presented at trial sufficiently supported the conviction and see no basis to conclude that defendant did not receive a fair trial.

Finally, we have considered defendant's other contentions of ineffective assistance of counsel and the excessiveness of his sentence and find them to be without merit.

Cardona, P. J., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.