■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN MUNROE, Appellant. [763 NYS2d 691] —Mercure, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered June 19, 2000, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (11 counts), sodomy in the first degree (10 counts), rape in the first degree and endangering the welfare of a child.

A grand jury indicted defendant, charging him with numerous counts of sexual abuse in the first degree, sodomy in the first degree, rape in the first degree and endangering the welfare of a child. The charges arose from defendant's abuse of his stepdaughter over a 1½-year period. At a *Huntley* hearing, defendant asserted that a statement that he gave to the police in October 1999 should be suppressed because his waiver of his *Miranda* rights was not knowing and voluntary. In the statement, defendant admitted that in November 1997, he was arrested and placed on probation for hitting the then-seven-year-old victim with a belt, leaving marks on her. Defendant stated that thereafter he was afraid to leave marks on the victim again, so he punished her by pushing his finger or penis into

her rectum, putting his penis into her mouth or placing his finger in her vagina. He further admitted that these incidents took place at the family's home when no one else was present except defendant's three-year-old daughter.

A State Police investigator, Tracy Eggleston, testified that he typed defendant's statement on his laptop computer after defendant was advised of his *Miranda* rights. Eggleston used the backspace key to make corrections as necessary and did not make any notes while defendant gave his statement. At the conclusion of the hearing, County Court determined that defendant's statement was voluntarily, knowingly and intelligently made and permitted use of the statement at trial.

During trial and outside the presence of the jury, County Court conducted a hearing pursuant to CPL 60.20 to determine if the victim, who was 10 years old at the time of trial, was qualified to give sworn testimony. After County Court ruled that the victim could give sworn testimony, she testified that defendant forced her to engage in anal and oral sex on numerous occasions, vaginal sex once and that he sometimes placed his finger in her rectum.

Thereafter, defendant objected again to admission of the October 1999 statement he gave to Eggleston, asserting that it should not be admitted into evidence because Eggleston failed to save nonfinal drafts of the statement. Rejecting this argument, County Court permitted Eggleston to testify. The court allowed defense counsel to fully question Eggleston about his conversation with defendant during the taking of the statement. Defendant subsequently read the statement and testified that its contents were not true.

The jury was not charged on four counts alleging the crime of sodomy in the first degree; it found defendant guilty of all the remaining charges. Defendant was sentenced to an aggregate prison term of 16 years. Defendant now appeals and we affirm.

Initially, we reject defendant's argument that reversal is warranted because the People violated *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) by failing to preserve drafts of nonfinal versions of the statement that defendant gave Eggleston. We observe that police notes and written recordings of a defendant's confession constitute *Rosario* material (*see e.g. People v Nieves*, 205 AD2d 173, 184-185 [1994], *affd sub nom. People v Stokes*, 88 NY2d 618 [1996]; *People v Barnes*, 201 AD2d 375, 375 [1994], *lv denied* 83 NY2d 869 [1994]). Here, although the People provided defendant with the final, saved version of his statement, Eggleston did

not save earlier drafts to which he admitted corrections had been made. Nor did Eggleston make any notes regarding these changes. The parties agree that the prior drafts should be considered lost or destroyed *Rosario* material and defendant asserts that County Court erred in admitting the final version of the statement into evidence. Assuming without deciding that the prior unsaved drafts of the statement constitute lost or destroyed *Rosario* material (*see generally* Bandler, *The New York Rosario Rule Applied to Computerized Documents: The Rigid and Impractical Duplicative Equivalent Doctrine Requires Modification*, 22 Pace L Rev 407, 443-445 [2002]), we perceive no error here.

"Where the People fail to exercise due care in preserving *Rosario* material, and the defendant is prejudiced thereby, the [trial] court *must* impose an appropriate sanction" (*People v Joseph*, 86 NY2d 565, 570 [1995] [internal quotation marks and citations omitted]). The sanction to be imposed is "depend[ent] upon the degree of prosecutorial fault and the resulting prejudice to the defendant" (*People v Banch*, 80 NY2d 610, 616 [1992]; *see People v Martinez*, 71 NY2d 937, 940 [1988]) and our "review is limited to determining whether the trial court acted within the bounds of its discretion in selecting a sanction" (*People v Banch, supra* at 616).

Nothing in the record before us suggests that Eggleston acted in bad faith in failing to save drafts of defendant's statement or that he realized that editing defendant's statement constituted destruction of evidence (*see People v Quiles*, 198 AD2d 448, 448 [1993], *lv denied* 83 NY2d 857 [1994]). Furthermore, defendant fails to explain how he was prejudiced by Eggleston's failure to save drafts of the unfinished statement and does not claim that any meaningful changes were made to the statement. Rather, he offers only mere speculation that the prior nonfinal drafts might have contained material that could have been helpful on cross-examination. Moreover, defendant testified at trial that he did not make or even read the statement; he claimed that he initialed and signed the statement only because the police told him to do so. Thus, Eggleston's edits of the statement would not have had any relevance, given defendant's claim that the police essentially fabricated the statement. Inasmuch as defendant has failed to show prejudice and defense counsel was permitted to cross-examine Eggleston regarding his failure to save the prior drafts, we conclude that County Court did not abuse its discretion in refusing to apply the extreme sanction of preclusion requested by defendant (*see People v Haupt*, 71 NY2d 929, 930-931 [1988]; *People v Bass*,

277 AD2d 488, 494 [2000], *lv denied* 96 NY2d 780 [2001]; *People v Quiles, supra* at 449; *cf. People v Joseph, supra* at 571-572).

Defendant's argument that County Court abused its discretion in allowing the 10-year-old victim to give sworn testimony is also unpersuasive. CPL former 60.20 (2), which was in effect at the time of trial,* provided that "[a] child less than [12] years old may not testify under oath unless the court is satisfied that [the child] understands the nature of an oath." This rebuttable presumption is overcome if, after inquiry, the trial court is satisfied that "the child know[s] the difference between a lie and the truth; * * * the child know[s] the meaning of an oath; * * * the child understand[s] what can happen if [he or] she tells a lie; and * * * the child ha[s the] ability to recall and relate prior events" (*People v Morales*, 80 NY2d 450, 453 [1992] [internal quotation marks and citation omitted]; *see People v Johnston*, 273 AD2d 514, 517 [2000], *lv denied* 95 NY2d 935 [2000]). Here, the examination of the victim by County Court, the People and defense counsel revealed that the victim received high honors in school, understood the difference between lying and telling the truth, and believed in God and that there would be consequences if she did not tell the truth. Accordingly, County Court did not abuse its discretion in permitting the victim to give sworn testimony (*see People v Johnston, supra* at 517; *People v Christie*, 241 AD2d 699, 700 [1997], *lv denied* 90 NY2d 938 [1997]). That the victim was unable to articulate what she understood an oath to be does not compel a different result (*see People v Young*, 225 AD2d 339, 339-340 [1996], *lv denied* 88 NY2d 971 [1996]).

In addition, we conclude that County Court did not abuse its discretion in finding that Judith Sessenwein, a nurse practitioner, was qualified to render a medical opinion. "As a general rule, the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court" (*People v Lee*, 96 NY2d 157, 162 [2001]). Thus, the trial court has the responsibility of determining whether an expert possesses adequate skill, training, education, knowledge or experience (*see People v Burt*, 270 AD2d 516, 518 [2000]). We have previously noted that "an expert's competency can be derived from either formal training or long observation and *actual* experience" (*id.* at 518 [internal quotation marks and citation omitted] [emphasis in original]) and that "it is settled that expert medical testimony need not come from a licensed doctor" (*People v Kehn*, 109 AD2d 912, 914 [1985]; *see People v Zavaro*, 138 AD2d

---

* CPL 60.20 (2) was amended effective February 1, 2001 to change the age of presumed competence from 12 years old to 9 years old.

430, 431 [1988], *lv denied* 71 NY2d 1035 [1988]; *Badke v Barnett*, 35 AD2d 347, 349 [1970], *lv denied* 28 NY2d 482 [1971]).

Here, the record demonstrates that Sessenwein has considerable experience as a nurse practitioner in the field of pediatric and adolescent gynecology and possesses a nurse practitioner's license from the state, which gives her the authority to make medical diagnoses (*see* Education Law § 6902 [3] [a]). Accordingly, we cannot say that County Court abused its discretion in finding Sessenwein qualified to testify as a medical expert on matters involving child sexual abuse (*see generally People v Carroll*, 95 NY2d 375, 384 [2000]; *Matter of Melissa L.*, 276 AD2d 856, 857 [2000], *lv denied* 96 NY2d 702 [2001].

We have considered defendant's remaining arguments and find them to be meritless.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.