■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSS, Appellant. [990 NYS2d 263]—

Appeal by the defendant from a judgment of the County Court, Westchester County (R. Bellantoni, J.), rendered June 18, 2007, convicting him of course of sexual conduct against a child in the first degree, incest, assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, (1) by reducing the conviction of course of sexual conduct against a child in the first degree to course of sexual conduct against a child in the second degree and vacating the sentence imposed thereon, and (2) by vacating the convictions of incest and assault in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for resentencing as to the conviction of course of sexual conduct against a child in the second degree.

Following a jury trial, the defendant was found guilty of the crimes of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), incest (Penal Law § 255.25), assault in the third degree (Penal Law § 120.00 [1]), and endangering the welfare of a child (Penal Law § 260.10 [1]). The complainant was the defendant's daughter, who was seven years old at the time of trial. She testified that on more than one occasion, over a period of several months when she was five years old, the defendant came into her room at night when she was sleeping, and put his fingers inside her vagina. She also testified that the defendant touched the outside of her vagina with his penis. On cross-examination, however, the complainant testified that she never saw the defendant's penis, and that he never touched her with his penis. On redirect examination, she continued to deny that the defendant had touched her with his penis.

The complainant also testified that the defendant struck her around her ankles with a belt, which caused her to cry. She did not miss school and was not unable to play as a result. Her mother testified that she noticed small bruises or bites on the complainant's ankles, but did not seek medical attention.

A forensic pediatrician testified as an expert for the People and opined that the complainant's hymen displayed an asymmetry in the lower right quadrant which was consistent with the blunt force of penetration. The expert could not say what object had penetrated the hymen or how many times this had

occurred. The expert observed small bluish-black marks around the complainant's ankles. In addition, a child psychologist testified as an expert for the People and opined that a child who has undergone sexual abuse may deny or retract his or her allegations. The defense did not present any expert witnesses.

The evidence presented at trial, viewed in the light most favorable to the prosecution, did not establish that the defendant engaged in sexual intercourse with the complainant, which was the basis for the charged crimes of course of sexual conduct against a child in the first degree and incest. Accordingly, the evidence was not legally sufficient to establish the defendant's guilt of those crimes (*see People v Carroll*, 95 NY2d 375, 383-384 [2000]; *People v Dunn*, 204 AD2d 919, 920 [1994]; *cf. People v Shepard*, 259 AD2d 775, 776 [1999]; *People v Williams*, 259 AD2d 509 [1999]). However, in light of the complainant's testimony that the defendant inserted his fingers into her vagina on more than one occasion in the designated time period, the evidence was legally and factually sufficient to establish the defendant's guilt of course of sexual conduct against a child in the second degree (*see* Penal Law § 130.80).

Further, the evidence was legally insufficient to establish the defendant's guilt of assault in the third degree, as the People failed to demonstrate that the complainant suffered substantial pain or physical impairment (*see* Penal Law § 10.00 [9]; *People v Zalevsky*, 82 AD3d 1136, 1137 [2011]; *People v Cheeks*, 161 AD2d 657 [1990])

Contrary to the defendant's contention, under the circumstances present here, the crime of endangering the welfare of a child was not an inclusory concurrent count of course of sexual conduct against a child in the second degree (*see* CPL 300.30 [4]; *People v Green*, 56 NY2d 427, 430-431 [1982]; *People v Beauharnois*, 64 AD3d 996, 1001 [2009]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim[ ]" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Free-*

*man*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant's remaining contentions are without merit. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.